GRIFFITH v. BERKSHIRE POWER CO. (Circuit Court of Appeals, Second Circuit. November 16, 1908.) No. 68. Appeal from the Circuit Court of the United States for the District of Connecticut. This cause comes here upon appeal from a decree dismissing the bill in suit to enjoin the maintenance of a dam located in the state of Connecticut on the Housatonic river which sets back the water of that river upon lands of complainant located in the state of Massachusetts. The opinion of Judge Platt is reported in 158 Fed. 219. C. Walter Artz (Henry F. Parmelee and Henry H. Townshend, of counsel), for appellant. Henry Stoddard (Wm. Waldo Hyde and Arthur L. Shipman, of counsel), for appellee. Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. This is the same dam which was the subject of controversy before this court in Andrus v. Berkshire Power Company, 147 Fed. 76, 77 C. C. A. 248. The general principles of law governing the situation are set forth in that opinion and need not be here repeated. The facts in the case require an affirmance of the decision of the Circuit Court that complainant is not entitled to injunctive relief. Prior to the building of the dam it was expected that Griffith's land would be overflowed to some extent, although apparently the exact extent of such overflow was not certainly known. Under these circumstances Griffith and the promoter of the defendant company came together and executed an agreement, which after proper recitals contains the following clause: "That, after the completion of said plant, and the overflow of the lands of said Griffith in the manner hereinbefore set forth, the said Roraback or his nominees shall pay or cause to be paid to the said Griffith the sum of $2,500 in full payment and liquidation of all damages which shall be occasioned to the said Griffith by reason of the erection of said dam and the flowing perpetually of his land; provided, however, that the said dam shall not exceed eight feet in height above the mean level of the flow of the water in Housatonic river." It is conceded that the dam as built does not exceed the stipulated height of eight feet. Manifestly with such a contract in existence the injured party is not entitled to an injunction which would require the removal or lowering of the dam. All he could claim is the payment of the stipulated award for damages, and that he could collect by an action at law. His contention is that the contract does not correctly express the intention of the parties and that there was a mutual mistake of fact when it was executed. That all parties supposed that not more than 12 acres would be affected by the set-back and that it was the intention to pay Griffith $200 an acre for land overflowed. We do not express any opinion as to the weight of the evidence adduced in support of this contention; indeed, it has not been necessary to examine it critically, since the bill is not one for reformation of a contract, and no such relief is prayed. It would seem that the complainant has an election between one of two courses. He may either sue for the $2,500 which the contract stipulated he should have as full compensation, or he may sue to have the contract reformed so

as to provide for the payment of what it was (as he alleges) intended he should receive, and in the event of his prevailing in the latter suit he could, as ancillary to the relief prayed for, obtain a decree for whatever sum he might be entitled to under the contract as reformed. But in neither case, whether the contract stands as it is written or is amended as suggested, can he maintain a suit for the particular injunctive relief prayed for in this suit. The decree is affirmed, with costs.